# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERNEST BROWN,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**WARDEN DENNISON,** )<br>**WARDEN GRISSOM,** )<br>**KAREN SMOOT,** )<br>**NICOLE JUSTICE,** )<br>**BETTIS,** )<br>**C. KWIATKOWSKI,** )<br>**PATRICIA BUNDREN,** )<br>**NURSE BRITTNEY,** )<br>**NURSE JONATHAN,** )<br>**KIM JOHNSTON,** )<br>**BOB ALLARD,** )<br>**SCHMID,** )<br>**CHAD HILLARD,** )<br>**KIM JOHNSON,** )<br>**AUSTIN LASTER,** )<br>**DR. DAVID,** )<br>**WARDEN WALKER,** )<br>**C/O IRWIN,** )<br>**LT. PHELPS,** )<br>**C/O MONTGOMERY,** )<br>**C/O TYLER THOMPSON,** )<br>**MAJOR HILLEZ,** )<br>**MAJOR HOBBS,** )<br>**DR. BURCKHARTMEYER,** )<br>)<br>**Defendants.** ) | **Case No. 20-00002-SMY** |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ernest Brown, previously an inmate of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Shawnee Correctional Center ("Shawnee"). He asserts numerous violations of the First, Eighth, and Fourteenth Amendments,

the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq.* and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## Discussion

Plaintiff's Complaint violates Rule 8 of the Federal Rules of Civil Procedure which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Additionally, Rule 8(d) requires "simple, concise, and direct" allegations. FED. R. CIV. P. 8(d)(1). The purpose of these Rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff flagrantly disregards Rule 8. The Complaint is far from simple, concise, or direct – it purports to state more than 30 claims against 24 Defendants for events occurring during Plaintiff's incarceration at Shawnee from November 1, 2018 to October 24, 2019. Plaintiff relies on vague references for some of his claims and includes long narratives describing others. Simply put, the Complaint lacks focus and clarity.

The Complaint also violates the rules of joinder. FED. R. CIV. P. 18-21. Plaintiff's claims involve different defendants, arise from separate transactions or occurrences, and are based on different legal theories. Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple

defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, Plaintiff's claims cannot all proceed together in the same lawsuit. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Instead, Plaintiff must pursue related claims against a single group of defendants in his Complaint.

Because Plaintiff is in the best position to decide which claims he intends to pursue, the Complaint will be dismissed without prejudice and with leave to amend.

## Disposition

Plaintiff's Complaint is **DISMISSED without prejudice.** Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **November 20, 2020**. The First Amended Complaint will be subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 20-cv-00002-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this

Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 21, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**