**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ERNEST BROWN,**               ) | |
|                                 ) | |
|     **Plaintiff,**      ) | |
| vs.                             ) | Case No. 20-00002-SMY |
|                                 ) | |
| **WARDEN DENNISON, et al.**     ) | |
|                                 ) | |
|     **Defendants.**     ) | |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

This matter is before the Court for case management.  Plaintiff Ernest Brown, previously an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.  The Complaint did not survive screening because Plaintiff failed to state a claim for relief, and on October 21, 2020, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A.  (Doc 15).  Plaintiff was granted leave to file a First Amended Complaint on or before November 20, 2020 and was warned that if he failed to submit a First Amended Complaint, this case would be dismissed with prejudice.  (Doc. 15, p. 4).

The deadline to file a First Amended Complaint has passed and Plaintiff has not filed the pleading or requested an extension.  Accordingly, this case is **DISMISSED with prejudice** for Plaintiff's failure to comply with the Court's Order and to prosecute his claim.  Fed. R. Civ. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).  Because the Complaint failed to state a claim upon which relief may be granted, **this dismissal shall count as a strike for purposes of 28 U.S.C. 1915(g)**.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED.R.APP.P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

**DATED:  December 10, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**